ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>HORRY COUNTY ) | COURT OF COMMON PLEAS |
| RAUL DENIS, )<br>)<br>　　　Plaintiff, )<br>v. )<br>)<br>HORRY COUNTY POLICE DEPT., )<br>)<br>　　　Defendants. )<br>_____ ) | C.A. No.: 2020-CP-____-_____ |

## SUMMONS

　　　YOU ARE HEREBY SUMMONED and required to respond to the Complaint in this matter, a copy of which is hereby served upon you, and serve a copy of the Answer upon the subscriber at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405 or Post Office Box 1845, Goose Creek SC 29445, within thirty (30) days of the date of service, not including the day of service.  If you fail to answer the Complaint within the required time period, the Plaintiff will move for an award of the damages as set forth in the Complaint and Default Judgment will be rendered against you.

　　　　　　　　　　　　　　　　　　HUNT LAW LLC

　　　　　　　　　　　　　　　　　　*s/Bonnie Travaglio Hunt*
　　　　　　　　　　　　　　　　　　Bonnie Travaglio Hunt
　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　　　　　　Bar No. 12341
　　　　　　　　　　　　　　　　　　4000 Faber Place Drive, Suite 300
　　　　　　　　　　　　　　　　　　North Charleston, SC 29445
　　　　　　　　　　　　　　　　　　Post Office Box 1845
　　　　　　　　　　　　　　　　　　Goose Creek, SC 29445
　　　　　　　　　　　　　　　　　　(843) 553-8709
　　　　　　　　　　　　　　　　　　bthunt@huntlawllc.com

Charleston, South Carolina
Dated:  September 25, 2020

| STATE OF SOUTH CAROLINA | ) | COURT OF COMMON PLEAS |
| --- | --- | --- |
| HORRY COUNTY | ) | |
| | ) | |
| RAUL DENIS, | ) | C.A. No.: 2020-CP-____-_____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| HORRY COUNTY POLICE DEPT., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## Complaint and Jury Demand

The Plaintiff, Raul Denis, by and through his attorney, Bonnie Travaglio Hunt of Hunt Law LLC, North Charleston South Carolina, does hereby complain against the Defendant, Horry County Police Department, as follows:

## Nature of the Action

1. This action is brought pursuant to Civil Rights Act of 1964, Title VII, Federal and South Carolina Law. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by Federal Law and the Laws of the State of South Carolina which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to the laws of South Carolina.

## Parties

3. Plaintiff, Raul Denis, is a male over the age of 40 who at all times relevant herein was a resident of the Horry County, State of South Carolina.

2

4.     Defendant, Horry County Police Department, is an employer in Horry County, South Carolina at the time the alleged acts of discrimination occurred hereinafter referred to as Defendant.

5.     Defendant, Horry County Police Department, is subject to the laws of the United States and the laws of the State of South Carolina.

6.     That at all times the Plaintiff was represented as an employee of Horry County Police Department.

### Jurisdiction and Venue

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal statutes, specifically Title VII, Age Discrimination, Retaliation, and Hostile Work Environment.

8.     In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. §§ 2201-02 and jurisdiction over Plaintiff's claims for injunctive relief pursuant to 15 U.S.C. § 1116.

9.     Horry County is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resided and in which a substantial part of the events or omissions giving rise to the claims occurred.

### Procedural Prerequisites

10.     That at all relevant times, the Plaintiff is an employee as defined by Title VII, Federal Law and South Carolina Law.

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

11. That on June 30, 2019, the Plaintiff filed his first charge of discrimination with the against the Defendant with the Equal Employment Opportunity Commission ("EEOC").

12. The Charge of Discrimination set forth discrimination based on National Origin, Retaliation, Age Discrimination, and hostile work environment.

13. The Charge of Discrimination specifically set forth the following:

   I. *"I began my employment with the Horry County Police Department in 1996 as a Patrol Officer, My performance has been above satisfactory and have since been promoted to the rank of Lieutenant.*

   II. *In June 2018, I completed the application and interview process for a vacant Captain position. I was told by Chief of Police, Joseph Hill, Black male that I did good in the interview but Deputy Chief Lance Winburn, White male, stated that he had reservations whether I would be fair to all my employees. I believe this reservation stems from an issue that Deputy Chief Winburn has with me and my involvement in the most recent discriminatory incidents involved in the department, where an investigation resulted in some department personnel being discharged.*

   III. *As of June 2019, the most recent Lieutenants that have been selected for promotion to Captain have been White males, where I have been deemed capable and have met all the necessary requirements to be promoted but have not been. I believe this is a deliberate act due to my nation of origin, Uruguay, and my age 55.*

   IV. *I believe I have been discriminated against in violation of Title VII of the Civil Rights Act 1964, as amended, due to my national origin, Hispanic, and my*

2

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

*engagement in protected activity and Age Discrimination in Employment Act of 1967 due to my age, 55."*

14. That the charge of Discrimination was investigated.

15. The Plaintiff received his right to sue for his Charge of Discrimination from the South Carolina Human Affairs Commission on July 21, 2020.

16. That the Plaintiff received his right to sue for his Charge of Discrimination from the Equal Employment Opportunity Commission on September 14, 2020 dated September 10, 2020.

17. That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue.

**Factual Background**

18. That the Plaintiff was employed with the Defendant for several years.

19. The Defendant, Horry County Police Department, is an employer as defined in Title VII.

20. That the Plaintiff is from Uruguay and speaks fluent Spanish.

21. That the Plaintiff was an employee as defined by Title VII.

22. That the Plaintiff has extensive experience in Law Enforcement.

23. That the Plaintiff was hired by the Defendant in 1996 and has worked his way up to a Lieutenant in 2007.

24. That the Plaintiff was promoted to position of Lieutenant in 2007 and assigned to the South Precinct as Deputy Precinct Commander. While the Deputy Precinct Commander the Plaintiff became aware of several officers violations of policy and violation of the law. The Plaintiff reported these incidents. As a result the Plaintiff

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

was informed that he was punishing the officers by making them actually do their jobs properly and according to policy.

25. In 2009, the Plaintiff was transferred to the position of Watch Commander.

26. In 2012, the Plaintiff was appointed the Training Officer for the entire department. As part of his responsibilities the Plaintiff was required to review all Use of Force Reports written by officers for policy and procedural errors or violations. That during the Plaintiff's tenure in this position he was aware of two different incidents where their was improper reporting and improper use of force. The Plaintiff reported both incidents as required by policy. The Plaintiff was instructed to forget both incidents as if it did not occur.

27. In 2014 the Plaintiff was appointed the Accreditation Manager by Chief Rhodes. Chief Rhodes ordered the Plaintiff to begin work immediately and rewrite the policy and procedure manual to reflect the changes necessary to obtain Accreditation. The Plaintiff did as instructed and drafted the policies and procedures for Accreditation within the perameters for the requirements. After the Plaintiff submitted the policies for approval a review committee was appointed. The Plaintiff was directed to meet with the review committed and explain the details of every policy and ensure that each of them were approved. The policies were approved after several months. After approval and signature of the Chief they were returned for re-evaluation by another committee. The policies were again approved and distributed. The Plaintiff was then removed from his position in August 2014 and returned to training.

28. The Plaintiff was then appointed the Public Information Officer. The Plaintiff was replaced by Chief Hill when he was hired. The Plaintiff was replaced by a young black female who was later terminated for ailing a drug test after a car accident.

29. As a member of the department for several years the Plaintiff witnessed several questionable practices by the Department. The Plaintiff was subjected to several of these questionable practices.

30. The Plaintiff was transferred by Chief Hill to Court Lianson Officer. The Plaintiff handled jury court, magistrate's court, assisted the Solicitor's office with case files, evidence issues, reports and such. The Defendant bought a program called IA Pro-Blueteam, which the Plaintiff was to utilize to document when officers failed to appear for court. The Plaintiff did as instructed. In October 2017, the Plaintiff was ordered by Chief Hill and Captain Stan Strickland that he was to immediately stop using the IA Pro-Blueteam as he was documenting too many officers' failure to appear in court and it made the department look bad.

31. At no point did the Plaintiff intend for the Department to be placed in a questionable light but only wanted the other officers, command staff and Chief to follow the law and policies and procedures of the Department.

32. Throughout the Plaintiff's employment the Plaintiff had a record of following the law and the policies and procedures of the Department.

33. That the Plaintiff was harassed and instructed not to document certain incidents. However, the Plaintiff knew this was in violation of the law. Because of the Plaintiff's inclination to follow the law he was transferred without permission or opinion to make it easier for the department to violate the law, policies and procedures.

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

34. All the Plaintiff evaluations in all position stated that he performed his job at meets or exceeds expectations.

35. Throughout the Plaintiff's employment the Plaintiff has suffered some type of employment discrimination at the hands of different individuals within the department.

36. That the Plaintiff was forced to retire from his employment due to the discrimiantion and harassment.

37. That throughout the Plaintiff's employment, the Plaintiff has been considered an exemplary employee.

38. That despite being an exemplary employee the Plaintiff was not treated fairly. That the Plaintiff was passed over for promotion and not treated the same as other Caucasian individuals within the Department.

39. That Chief Rhodes informed the Plaintiff on several occassions that he would be the next Captain.

40. That the Department has a history of treating minorities and women poorly. That in 2016 a new Chief was hired. That the new chief was to be a benefit to the Police Department and to add diversity to the command staff. However, the Chief's attempts were discriminatory on their face.

41. That the Plaintiff is aware that some officers would take Command Staff trips that were a violation of policy. The Plaintiff was invited on these trips on occasion but the Plaintiff was aware that they were a violation of policy and refused to participate.

42. That the Plaintiff's refusal to participate resulted in further harassment for not being a team player because he refused to violate policy.

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

43. That the Plaintiff was subjected to signficant discriminatory behavior regarding his national origin, hispanic on several occassions.

44. As a result of the Plaintiff's propensity to follow policy, the Plaintiff has suffered from a hostile work environment. That the Plaintiff has followed the policies and procedures of the department which has lead to his unwanted participation in the termination of other employees for their unethical and illegal behavior that violated the policies and procedures of the Defendant and the laws of the federal government.

45. In March of 2019, a Captain for the west precinct resigned effective immediately to retire.

46. That the Plaintiff was highly qualified for the Captain position in the West Precinct.

47. As a result of that retirement the position was offered to two other Lieutenant who were younger white males. After learning of this the Plaintiff approached Chief Hill and questioned him regarding the position being offered to two younger white males. Chief Hill denied the allegation.

48. The Plaintiff proceeded to inform the Chief about different situations with in the depeartment including but not limited to his contention that the actions of failing to promote him could be discrimination and retaliation. The Plaintiff further informed the Chief that there was practically no one in the department that is more qualified regarding the policies and procedures of the department because he had written many of them as the Agency's first Accreditation Manager.

49. The Plaintiff further informed that Chief that he suspected that there were reservations about promoting him to Captain because of his involvmeent in the last couple of

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

discriminatory incidents within the department. The Plaintiff further informed the chief that the reservations could be retaliation for his truthful statements.

50. That the Plaintiff was highly qualified for the Captain position and performed very well in the interview process. The Plaintiff informed the Chief that he had not been treated fairly in the current process or any other process in hiring Captains within the Department.

51. The command staff for the Horry County Police Department is all younger white males except for the Chief.

52. That the Chief has informed employees that diversity needs to increased in the department. However, he has failed to do so.

53. The Chief has further failed and refused to promote the Plaintiff due to pretextual reasons.

54. That the Plaintiff has participated in report of discrimiantory practice and support of individuals who have previously filed discriminatory complaints aginast the Department. That the Plaintiff also reported issues up the chain of command as is required by policy.

55. The Plaintiff informed the Chief that he should not be treated unfairly or in retaliation for following policy and the law.

56. The Chief failed and refused to respond to the Plaintiff's concerns regarding discrimination or retaliation.

57. The Chief only stated that there were reservations regarding promoting him as Deputy Chief Winburn, a Caucasian felt the Plaintiff would not treat his employees fairly. The Plaintiff asked the Chief if there was a particular complaint and if anyone had talked to

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

his employees regarding his supervision. That the Chief only stated that no one had spoken to the Plaintiff's employees. It was determined that the Defendant failed and refused to investigate the issues.

58. That the Plaintiff has never been disciplined or had his job performance addressed during his employment.

59. The Plaintiff requested that the Chief ensure that the Plaintiff was treated fairly and the Chief assured the Plaintiff that a fair consideration would be given in the assessment for the next captain promotion.

60. On March 18, 2019, Deputy Chief Winburn announced to all lieutenants that a new assessment round would take place for captain when the present list does not expire for several months.

61. That the Defendant did not have a list and refused to publish a list in order to have the freedom to chose who they wanted to promote or not promote at their own discretion.

62. After the announcement, DC Winburn came to the Plaintiff and asked how he was. The Plaintiff informed DC Winburn that he was upset that he was deemed not good enough for Captain.

63. As a result of not being promoted again, the Plaintiff complained to the command staff.

64. That the Plaintiff's suffered daily comments regarding his complaints and had to fight with the department to get anything done.

65. That the Plaintiff attempted to perform all duties and responsibilities of his position but was prevented and harassed by others within the department.

66. That as a result of the harassment based on his complaints and complaints regarding failure to promote the Plaintiff was forced to retire.

67. That while the Plaintiff was employed with the Defendants, the Plaintiff was able and had performed his job duties in an exceeds satisfactorily level or at a satisfactorily level of the Defendant.  The Plaintiff performed all duties and responsibilities as set forth in his job description.

68. That the Plaintiff was subjected to National Origin discrimination and Age Discrimination by his direct supervisors and peers.  That the Plaintiff made complaints regarding the differential treatment he received based on his national origin and age.  That the Defendants failed and refused to address the Plaintiff's complaints or investigate the complaints of discriminatory treatment.

69. The Defendant violated the Plaintiff's civil rights by discriminating against him based on his national origin, age discrimination, retaliating against him, and perpetrating a hostile work environment that was severe and pervasive.

70. That the Defendants failed and refused to promote him, based on his national origin and age.

71. That the Defendant is an employer as defined by State and Federal Law were required to follow the law.  That the Defendants failed and refused to follow the laws of the State of South Carolina and the United States of America when they discriminated against the Plaintiff, created and perpetrated a hostile work environment, and retaliated against him for his complaints regarding the violations of his civil rights, and hostile work environment.

72. That the Defendants are the proximate and direct cause of damage to the Plaintiff for the violations of Discrimination in violation of the Civil Rights Act for National Origin

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

and Age Discrimination in Employment Act for Age discrimination, hostile work environment, and retaliation.

73. That the Plaintiff has suffered severe emotional and career damages as a result of the Defendants discrimination against the Plaintiff.

74. That in discriminating against the Plaintiff based on consideration of his national origin discrimination in violation of 42 U.S.C. 2000e, et seq. Title VII and Age Discrimination in violation of Age Discrimination in Employment Act.

75. That as a direct result of the Defendants' violation of Title VII for discrimination, hostile work environment and retaliation, the Plaintiff has suffered:

    a. Economic damages from the loss of his promotion;

    b. Loss of benefits associated with loss of his promotion;

    c. Forcing him to retire based on the hostile work environment and harassment;

    d. Economic hardship;

    e. Suffered anxiety, humiliation and emotional damages.

76. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

## FOR A FIRST CAUSE OF ACTION
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

77. That Paragraphs one (1) through seventy-six (76) are hereby incorporated verbatim.

78. The Defendant is an employer as defined in Title VII.

79. That the Plaintiff is an employee as defined by Title VII.

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

80. That while the Plaintiff was employed with the Defendants, the Plaintiff was able and had performed his job duties in a satisfactorily level of the Defendants.

81. That the Plaintiff was subjected to national origin discrimination by his direct supervisors and peers. That the discrimination included and was not limited to commentary regarding his Hispanic heritage.

82. That the Plaintiff was qualified for the position of Captain.

83. That the Plaintiff properly applied for the position and was eligible for promotion based on the Defendant's own policies, thereby making him eligible for the Captain position as mentioned above.

84. That the Plaintiff was interviewed for the position and received exemplary marks during the interview process.

85. That the Defendant failed and refused to retire the Plaintiff because of his Age and National Origin.

86. That the Defendant hired a less qualified younger Caucasian male.

87. That the Plaintiff's employer discriminated against the Plaintiff based on his National Origin and Age by failing to promote him to the Captain's position, creating a hostile work environment, retaliating against the Plaintiff for participating in his own complaints and the complaints of others, and failing to address the work environment, discrimination.

88. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

89. That the Plaintiff has suffered severe emotional and career damages as a result of the Defendant's discrimination against the Plaintiff.

90. That in discriminating against the Plaintiff based on consideration of his National Origin, the Defendant violated 42 U.S.C. 2000e, et seq. Title VII.

91. That as a direct result of the Defendant's violation of Title VII the Plaintiff has suffered:

    I. Economic damages from failure to promote;

    II. Loss of benefits associated with failure to promote;

    III. Future economic damages from failure to promote;

    IV. Future loss of benefits associated with failure to promote;

    V. Emotional damages based on failure to promote; subjecting to a hostile work environment based on her complaints;

    VI. Damages as a result of forced retirement;

    VII. Loss of benefits as a result of forced retirement;

    VIII. Loss of future income as a result of forced retirement;

    IX. Economic hardship;

    X. Suffered anxiety, humiliation and emotional damages.

92. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

**FOR A SECOND CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**

93. That Paragraphs one (1) through ninety-two (92) are hereby incorporated verbatim.

94. That the Defendant is an employer as defined by Title VII subject to the laws of the United States of America.

95. That the Plaintiff is an employee as defined by Title VII.

96. That the Plaintiff is employed with the Defendant. That the Plaintiff at all times performed his position at an exceeds satisfactory or satisfactory level.

97. That during the Plaintiff's employment the Plaintiff was subjected to hostile work environment based on his National Origin and Age. The Plaintiff has been subjected to differential treatment based on his complaints and supporting of others regarding their complaints. The Plaintiff was subjected to irrational treatment from his peers based on his national origin.

98. The Plaintiff made several complaints regarding the work environment being severe and pervasive.

99. That the Defendant failed and refused to address the environment and the peers responsible for the work environment. The work environment was abusive to the point of severe and pervasive.

100. That the Plaintiff suffered significant damage as a result of the Defendant's hostile work environment.

101. That the Defendant is the direct and proximate cause of the damage to the Plaintiff.

102. That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendant as a result of the severe and pervasive hostile work environment. The Plaintiff is also entitled to attorney's fees and costs from the Defendant.

**FOR A THIRD CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF TITLE VII**

103. That Paragraphs one (1) through one hundred and two (102) are hereby incorporated verbatim.

104. That the Plaintiff was an employee according to the law of Title VII.

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

105. That the Plaintiff complained of discrimination based on his national origin, hostile work environment and retaliation, and filed a charge of discrimination.

106. That the Chief was well aware of the Plaintiff's complaints regarding discrimination, retaliation and hostile work environment.

107. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints. The Plaintiff also suffered retaliation for his support of others regarding their complaints regarding the violations of Federal and State Law. As a result of the Plaintiff's support several employees were terminated for their violations of the law.

108. As a result of the Plaintiff's complaints the Defendant refused to promote the Plaintiff to Captain.

109. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to ensure severe mental and emotional distress.

110. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

111. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

112. That the Plaintiff is entitled to an award of damages from the Defendant in the amount of actual damages, consequential damages, compensatory, punitive damages and attorneys' fees and costs.

**FOR A FOURTH CAUSE OF ACTION**
**AGE DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT**

113. That Paragraphs one (1) through one hundred and twelve (112) are hereby incorporated verbatim.

114. That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

115. That the Defendant, treated the Plaintiff significantly differently based on his age.

116. That the Defendant, treated the Plaintiff sifnificantly different than it treated younger employees. That the Defendant did not disicpline younger employees for actions that would have been terminable offesnses. That the Defendant treated younger employees more favorably with no discipline, promotions and no hostile work environment.

117. That the Defendant's treatment of the Plaintiff was so hostile the Plaintiff was forced to resign his employment. That the Plaintiff would have remained employed with the Defendant but for the discrimination and harassment of the Plaintiff based on his national origin and age.

118. The Defendant threatened the Plaintiff with significant discipline in retaliation for his complaints regarding discrimination.

119. That the Defendant's actions towards the Plaintiff violated the law.

120. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

121. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

   I.   suffered severe emotional distress;

   II.  suffered future lost wages and future lost benefits;

   III. suffered economic damages;

   IV.  Loss of employment;

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561

    V. Loss of Future employment;

    VI. incurred attorney fees for this action;

    VII.    incurred costs of this action; and

    VIII.    will incur future attorney fees and costs.

122. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

a)     Accept jurisdiction over this matter, including the pendent claim;

b)     Empanel a jury to hear and decide all questions of fact;

c)     Award to plaintiff compensatory damages against the defendants jointly and severally;

d)     Award to plaintiff punitive damages of against defendant Defendant for their malicious and spiteful pattern of discrimination and harassment;

e)     Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

f)     All damages available pursuant to Title VII And Age Discrimination in Employment Act;

g)     All damages available pursuant to South Carolina Law;

h)     All damages available pursuant to the law of the United States;

i)     Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

j)      enter any other order the interests of justice and equity require.

>HUNT LAW LLC
>
>s/Bonnie Travaglio Hunt
>Bonnie Travaglio Hunt
>Federal Bar No.: 7760
>ATTORNEY FOR THE PLAINTIFF
>Post Office Box 1845, Goose Creek, SC (29445)
>4000 Faber Place Drive, Suite 300,
>North Charleston, SC 29405
>(843)553-8709
>bthunt@huntlawllc.com

Dated: September 25, 2020

ELECTRONICALLY FILED - 2020 Sep 25 10:00 AM - HORRY - COMMON PLEAS - CASE#2020CP2605561