IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Raul Denis, | ) | C.A. No. 4:20-cv-3849-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Horry County Police Dep't, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Raul Denis ("Plaintiff" or "Denis") filed this action alleging he suffered discrimination, retaliation, and a hostile work environment because of his national origin and his age in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e), et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. (DE 1-1.)

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation.  However, as a brief background relating to the objections raised by Denis, the Court provides this summary.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Plaintiff, a 57-year-old male that identifies as Latino/Hispanic, was employed by Defendant Horry County Police Department ("Defendant" or "HCPD") from November 1996 until after September 1, 2019. (DE 39-11.) Plaintiff's claims stem from HCPD's failure to promote him to Captain, allegations that he was subject to a hostile work environment due to his national origin and age, and allegations that HCPD failed to promote him in retaliation for his complaints of national origin and age discrimination. (DE 1-1, ¶¶ 87, 97, 107-08.)

On November 8, 2021, Defendant filed a Motion for Summary Judgment. (DE 39). Plaintiff filed a response thereto (DE 47) to which Plaintiff filed a reply (DE 49). On June 28, 2022, the magistrate judge issued the Report, recommending that Defendant's motion be granted and that the case be dismissed. (DE 58.) For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendant's Motion for Summary Judgment.

## DISCUSSION

Plaintiff attempts to make twenty-one (21) numbered objections. However, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not

constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds most of Plaintiff's objections are non-specific,[1] unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation,[2] or merely restate his arguments.[3]  However, at best, the Court has gleaned one specific objection to the Report that raises an argument not proffered in Plaintiff's summary judgment filings. Plaintiff's objection 15 states:

> The Court should also consider that there are several other cases pending against the Defendant including Ms. Euri Everett who is also Hispanic descent, other cases for race and sex discrimination have been filed against the Defendant.  The Court failed to consider that the Department is rampant with discrimination if you are not a white male.

(DE 51, p. 7.)  However, Plaintiff does not identify how evidence of other cases against the Defendant raises a genuine issue of material fact to a specific legal issue or element of any claim. Furthermore, Plaintiff fails to support the factual contention with anything from the record.  See Fed. R. Civ. Pro. 56(1)(A) ("A party asserting that a fact is . . . genuinely disputed must support

---

[1] The Court finds objections 1, 2, 10, 18, 20 are non-specific and, therefore, do not constitute objections for the purposes of district court review.

[2] The Court finds objection 5 is unrelated to the dispositive and/or at the heart of disputed portions of the Report and, therefore, does not constitute an objection for purposed of district court review.

[3] The Court finds objections 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 16, 17, 19 and 21 are mere restatements of arguments Plaintiff raised in summary judgment filings and, therefore, do not constitute an objection for the purposes of district court review.  Furthermore, Plaintiff contends in objections 3, 4, 6, 7, 9, 12, and 16 that the magistrate judge failed to consider certain evidence; however, upon review, the magistrate judge considered the evidence identified in each of these objections.  Similarly, in objection 19, Plaintiff contends the magistrate judge failed to consider a question of law; however, upon review, the magistrate judge thoroughly considered and answered the question.  None of the aforementioned objections proffer any new arguments beyond what the Plaintiff has already raised in his summary judgment filings.

the assertion by citing to particular parts of materials in the record"). Therefore, Plaintiff's objection 15 is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 39) is granted and Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 15, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.